IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIM. NO. 2010-53 |
| vs. ) | |
| ) | |
| JOHANNAD ABDEL-SAMAD, ) | |
| JAD M. SHALHOUT, ) | |
| SAKER M. SHALHOUT, a\k\a ) | |
| SAKER M. ZHALHOUT and ) | |
| MANAL SHALHOUT, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**ORDER**

Jad M. Shalhout moves for a Bill of Particulars requesting that the Government be ordered to produce specific information requested in the motion. The purpose of a bill of particulars is "to inform the defendant of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial, and to protect him against a second prosecution for an inadequately described offense."[1] And, it should only be issued when "an indictment fails to perform these functions, and 'significantly impairs the defendant's ability to prepare his defense, or is likely to lead to prejudicial surprise at trial.'"[2]

Here, the indictment is sufficiently detailed to inform the defendant of the charges against him so that he may adequately prepare his defense. What the defendant seeks is more akin to

---

[1] *United States v. Urban*, 404 F.3d 754, 772 (3d Cir. 2005) (*citing United States v. Addonizio*, 451 F.2d 49, 63-4 (3d Cir. 1972)).

[2] *Urban,* 404 F.3d at 772 (citations omitted).

*USA v. Jad Shalhout, et al.*
Crim. No. 2010-53
Order
Page 2 of 2

discovery and a bill of particulars is not the mechanism to obtain discovery.

  The defendant's motion for a bill of particulars is DENIED.

               S\_____
               **RUTH MILLER**
               United States Magistrate Judge